UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDA MANIPOUN, also known as ANOMA SENGVIXAY,<br><br>Plaintiff,<br><br>v.<br><br>LOU DIBELA, CHRIS KELLY, LINDA CARR, JAMES COX, et al.,<br><br>Defendants. | Case No.: 17-cv-2325-AJB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; AND**<br><br>**(2) QUASHING SERVICE OF SUMMONS**<br><br>(Doc. Nos. 5, 6, 10) |

    Pending before the Court is Defendants Lou Dibela[1] and Linda Carr's ("Defendants") motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 10.) Plaintiff Merida Manipoun opposes the motion. (Doc. No. 15.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing set for May 10, 2018, is hereby **VACATED**. As will be explained in greater

---

[1] Defendant's name is spelled both as Dibela and Dibella.

1

detail below, Defendants' motion to dismiss is **DENIED**. However, as substituted service was improper, the Court finds it appropriate to **QUASH** service of the summons.

## BACKGROUND

Plaintiff filed her complaint on November 16, 2017, alleging causes of action for (1) fraud; (2) conspiracy to defraud; (3) breach of unfair competition law; and (4) breach of unilateral contract. (Doc. No. 1.) Plaintiff's complaint states that on May 7, 2016, she won an automobile through a drawing at the Viejas Casino & Resort. (*Id*. ¶¶ 1, 20.) Plaintiff was then issued a form 1099 under her prior legal name—Anoma Sengvixay—indicating her winnings in the total of $134,000. (*Id*. ¶¶ 2, 24.) Thereafter, Plaintiff visited the Aston Martin Dealership where she was informed that she was not in possession of any paperwork indicating her entitlement to the car she had won. (*Id*. ¶¶ 3, 25.) On May 12, 2016, despite being saddled with tax liability for the vehicle, Defendant Dibela called Plaintiff and informed her that she would not be receiving the car or any substitute consideration of comparable value. (*Id*. ¶¶ 3, 26.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b), a motion to dismiss may be brought based upon insufficient service of process. Fed. R. Civ. P. 12(b)(5). Federal courts lack personal jurisdiction over a defendant if service of process is insufficient. *See e.g.*, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Once service is challenged, plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "When factual issues exist, courts may hear evidence outside of the pleadings, including affidavits and depositions, in order to determine the facts." *See Allphin v. Peter K. Fitness, LLC*, No. 13-cv-01338-BLF, 2014 WL 2961088, at *2 (N.D. Cal. June 30, 2014). Ultimately, if the plaintiff is unable to satisfy his or her burden, the court has the discretion to either dismiss the action or retain the action and quash the service of process. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

## DISCUSSION

Presently, the issue before the Court is whether Plaintiff's unsuccessful attempts to personally serve Defendants at their work place constitutes due diligence. (Doc. Nos. 10-1, 15.) Defendants argue that it does not and that Plaintiff should have attempted to personally serve them at their homes before resorting to substituted service, while Plaintiff asserts that personal service attempts at Defendants' usual place of business is sufficient to satisfy the due diligence standard. (*Id.*)

Under Federal Rule of Civil Procedure 4(e), a person may be served by delivering a copy of the summons and the complaint to the individual, leaving a copy at the individual's dwelling, or delivering a copy of each to an "agent authorized by appointment or by law . . . ." Fed. R. Civ. P. 4(e). Under California law, after attempting to personally serve a defendant, substituted service of process may be made by leaving a copy of the summons and complaint at the individual defendant's office or "usual place of business." Cal. Civ. Proc. § 415.20(b). "All means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (citation omitted).

According to the declaration of Robert T. Hansell, the registered process server, he was instructed to serve Defendants Chris Kelly, Linda Carr, and Lou Dibela by going to their workplace, the Viejas Casino at 5000 Willows Road, Alpine, CA 91901. (Hansell Decl. ¶¶ 1, 4; Doc. No. 14.) Mr. Hansell's first attempts at personal service occurred on November 18 and 19, 2017, where he spent about twenty minutes trying to locate Defendants at the casino. (*Id.* ¶¶ 5, 6.) On Mr. Hansell's third attempt, which occurred on December 8, 2017, he was informed that Defendants were not in. (*Id.* ¶ 7.) Additionally, at around 10:42 a.m. on that same day, a Viejas promotions employee told Mr. Hansell that Defendant Chris Kelly no longer worked at the casino. (*Id.* ¶¶ 7, 8.) As Mr. Hansell believed that Defendants Dibela and Carr worked for the promotions sector at Viejas Casino, he chose to attempt substituted service on them by leaving copies of the summons and complaint with the same employee at the promotions booth—Sasha. (*Id.*) Later that

day, Mr. Hansell also mailed a copy of the summons and complaint to Defendants Dibela and Kelly at the casino address. (*Id.* ¶ 10.)

As demonstrated above, Plaintiff's process server attempted to personally serve Defendants at their place of work before he resorted to substituted service. (*See generally* Doc. No. 14.) The Court does not deny that per California law, a defendant may be personally served at their usual place of business. Cal. Civ. Proc. § 415.20(b). However, what the Court takes issue with is that the process server resorted to substitute service by leaving copies of the complaint and summons with a Viejas Promotions employee without making any effort to personally serve Defendants at their home addresses.

Case law makes clear that "[u]nder California law, the plaintiff bears the burden of showing that she demonstrated reasonable diligence at direct service before substitute service is permitted." *Falco v. Nissan N. Am. Inc.*, 987 F. Supp. 2d 1071, 1080 (C.D. Cal. 2013); *see also Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979) (same). Additionally, the Court reiterates that the proper inquiry for this type of motion is whether "Plaintiff fulfilled the mandatory prerequisite to effecting substitute service, i.e., whether Plaintiff exercised reasonable diligence to attempt to personally serve the Defendant before resorting to substitute service." *Joe Hand Promotions, Inc. v. Saddeldin*, No. 1:09-cv-02197-AWI-GSA, 2014 WL 1877428, at *8 (E.D. Cal. May 9, 2014).

Here, the declaration and Proofs of Service do not indicate any efforts to locate home addresses for Defendants. (Doc. Nos. 5, 6, 14.) Instead, Plaintiff decided to effectuate substitute service by leaving the complaint and summons with a Viejas casino employee— an employee who based off of the declaration did not confirm that he knew Defendants. Indeed, service at Defendants' residences would have more likely resulted in actual notice than substitute service at Viejas Casino, a business that the Court can only guess employs hundreds of people, many of whom may not have been familiar with Defendants.

Accordingly, as Plaintiff made no attempt to locate residential addresses for Defendants, but instead chose to effect substitute service, the probability that Defendants would "receive[] *sufficient notice* of the complaint[]" greatly diminishes. *Chan v. Soc'y*

*Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (emphasis added); *see also Joe Hand Promotions*, 2014 WL 1877428, at *8 (noting that the most "logical place to effect personal service" is at a defendant's home). Accordingly, judging this case upon its own facts and cognizant that "[n]o single formula nor mode of search can be said to constitute due diligence in every case[,]" the Court concludes that the process server did not do his due diligence in attempting to personally serve Defendants before resorting to substitute service. *Falco*, 987 F. Supp. 2d at 1080.

## CONCLUSION

In sum, the Court does not have personal jurisdiction over Defendants as the substitute service made on Defendants was insufficient. However, despite this, in the Court's broad discretion, it chooses to quash service of the summons instead of dismiss under Federal Rule of Civil Procedure 12(b)(5) as there is nothing in the record to indicate that proper service is impossible to effectuate. *See Moletech Global Hong Kong Ltd. v. Pojery Trading Co.*, No. C 09-00027 SBA, 2009 WL 506873, at *3 (N.D. Cal. Feb. 27, 2009). Thus, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is **DENIED**, but the service of Defendants Dibela and Carr is **QUASHED**. Plaintiff is **DIRECTED** to properly serve Defendants within 30 days after this Order is docketed. Plaintiff should take note that failure to properly serve Defendants by the Court's deadline may result in dismissal of her lawsuit as to Defendants for failure to prosecute.

**IT IS SO ORDERED**.

Dated: March 28, 2018

Hon. Anthony J. Battaglia
United States District Judge