UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDA MANIPOUN, also known as ANOMA SENGVIXAY,<br><br>Plaintiff,<br><br>v.<br><br>LOU DIBELLA; CHRIS KELLY; LINDA CARR; JAMES COX AND SAN DIEGO EUROPEAN MOTORCARS, LTD. d/b/a ASTON MARTIN OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-cv-2325-AJB-BGS<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO NAME INDISPENSABLE PARTY, AND FAILURE TO STATE A CLAIM**<br>**(Doc. Nos. 26, 28)** |

Before the Court are Defendants Lou Dibela, Linda Carr, James Cox, and San Diego European Motorcars, Ltd.'s ("Defendants") motions to dismiss for failure to name an indispensable party, pursuant to Federal Rule of Civil Procedure 12(b)(7), and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 26, 28.) Plaintiff Merida Manipoun ("Plaintiff") opposes the motion submitted by Defendants Cox and European Motorcars. (Doc. No. 32.) Plaintiff did not filed an opposition to Defendants Dibela and Carr's motion to dismiss. For the reasons discussed herein, the Court **DENIES** both of Defendants' motions.

/ / /

# I. BACKGROUND

On May 7, 2016, Plaintiff won an Aston Martin automobile through a drawing at the Viejas Casino & Resort. (Doc. No. 1 ¶¶ 1, 18, 20.) Plaintiff was then taken to a backroom where she was issued a form 1099 that stated her winnings as $134,000. (*Id.* ¶¶ 2, 22, 24.) Thereafter, Plaintiff went to the Aston Martin dealership to retrieve the car she had won. The dealership informed Plaintiff that it did not possess any paperwork indicating that she was entitled to the car. (*Id.* ¶¶ 3, 25.) On May 12, 2016, Defendant Dibela telephoned Plaintiff and informed her that she would not receive the car or any substitute consideration of comparable value. (*Id.* ¶¶ 3, 26.) Plaintiff filed her complaint on November 16, 2017. Plaintiff alleges four causes of action for (1) fraud, (2) conspiracy to defraud, (3) breach of unfair competition law, and (4) breach of unilateral contract. (*See generally id.*).

On April 26, 2018, Defendants Dibela and Carr filed a motion to dismiss. (Doc. No. 26.) On the same day, Defendants Cox and European Motorcars filed a motion to dismiss. (Doc. No. 28.) Subsequently, on May 10, 2018, Plaintiff filed a Notice of Voluntary Dismissal, which effectively dismissed, without prejudice, Defendants Dibela and Carr from Plaintiff's case. (Doc. No. 31.) The dismissal of Defendants Dibela and Carr left Defendants Cox and European Motorcars as the remaining defendants in Plaintiff's case. (Doc. No. 28.)

# II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b), a party may assert numerous defenses, however, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(h)(2) preserves some of these defenses, such as failure to state a claim and failure to join an indispensable party. Fed. R. Civ. P. 12(h)(2). However, these preserved defenses may be raised "in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." (*Id.*)

## III. DISCUSSION

### A. Defendants Dibela and Carr's Motion to Dismiss

Defendants Dibela and Carr were voluntarily dismissed from this litigation by Plaintiff on May 10, 2018. (Doc. No. 31.) Under the Federal Rules of Civil Procedure, a plaintiff has a right to dismiss her action, without a court order, prior to service of either an answer or a motion for summary judgment by the defendant. Fed. R. Civ. P. 41(a)(1)(A)(i). When a plaintiff files a notice of voluntary dismissal with the court, the filing "automatically terminates the action as to the defendants who are the subjects of the notice." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Due to the dismissal's termination of the case against Defendants Dibela and Carr, the Court **DENIES** the motion to dismiss as moot.

### B. Defendants Cox and European Motorcars' Motion to Dismiss

Plaintiff argues that Defendants Cox and European Motorcars' motion to dismiss is untimely because Defendants "waited 114 days – until April 26, 2018 – to file the Motion." (Doc. No. 32 at 3–4.) Defendants filed an answer on January 2, 2018. (Doc. No. 9.) On April 26, 2018, Defendants then filed their motion to dismiss. (Doc. No. 28.) The filing of a motion to dismiss after filing an answer was improper and untimely. *See* Fed. R. Civ. P. 12(b). Further, Defendants' motion to dismiss was filed 114 days after their answer (127 days after a responsive pleading became due). *See* Fed. R. Civ. P. 12. Therefore, Defendants Cox and European Motorcars' motion to dismiss is untimely.

Defendants contend that, based on Rule 12(h)(2), their failure to name an indispensable party and failure to state a claim defenses are "never waived." (Doc. No. 33 at 2.) However, Rule 12(h)(2) explicitly states that these claims "may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Fed. R. Civ. P. 12(h)(2). Thus, Rule 12(h)(2) does not apply to a motion under Rule 12(b). The filing of the motion to dismiss was improper and untimely. Thus, the Court **DENIES** Defendants Cox and European Motorcars' motion to dismiss.

/ / /

## IV. CONCLUSION

The Court finds that Defendants Dibela and Carr's motion to dismiss is moot and Defendants Cox and European Motorcars' motion to dismiss is untimely. Accordingly, the Court **DENIES** both motions to dismiss.

**IT IS SO ORDERED**.

Dated: October 12, 2018

Hon. Anthony J. Battaglia
United States District Judge