UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Merida Manipoun also known as Anoma Sengvixay,<br><br>          Plaintiff,<br><br>v.<br><br>Lou Dibela; Chris Kelly; Linda Carr; James Cox; San Diego European Motorcars, Ltd. doing business as Aston Martin of San Diego; and Does 1-20,<br><br>          Defendants. | Case No.: 17-cv-02325-AJB-BGS<br><br>**ORDER GRANTING IN PART UNOPPOSED MOTION FOR SANCTIONS**<br><br>**[ECF NO. 46]** |

   A Motion for Sanctions[1] (ECF No. 46) filed by Defendants James Cox and San Diego European Motorcars, Ltd., doing business as Aston Martin of San Diego (collectively "Defendants") is presently before the Court. Plaintiff Merida Manipoun also known as Anoma Sengvixay ("Plaintiff") did not file a response to the motion although ordered to do so. (*See* ECF No. 43 at 2 ["If a motion is filed, Plaintiff must file a response no later than Wednesday September 26, 2018."].)

---

[1] Because Defendants originally filed their Motion for Sanctions (ECF No. 44) under an incorrect attorney account, it was withdrawn and refiled under the correct attorney account one day later and docketed as ECF No. 46. (*See* ECF No. 45.)

1

In the Motion, Defendants request that the Court order Plaintiff to: (1) reimburse Defendants for $1,459.50, all expenses incurred in connection with Plaintiff's failure to appear at her duly noticed August 30, 2018 deposition; (2) bear all translator costs at future proceedings; and (3) provide further responses to Defendants' Requests for Admission numbers 9, 10, and 13, or in the alternative that the responses be deemed admitted. For the reasons outlined below, Defendants' Motion for Sanctions (ECF No. 46) is **GRANTED IN PART**.

## I. BACKGROUND

On June 22, 2018, Defendants served Requests for Admissions on Plaintiff. (ECF No. 46-2 ¶ 8.) Despite a two week extension continuing the deadline for Plaintiff to respond to August 6, 2018, Plaintiff did not respond until August 22, 2018. (*Id.*; *see* ECF No. 46-3, Ex. F [email from Plaintiff's counsel dated August 22, 2018 providing Plaintiff's initial discovery responses]; Ex. G [Plaintiff's response to Defendant Cox's Requests for Admission], Ex. H [Plaintiff's response to Defendant San Diego European Motorcars, Ltd.'s Request for Admission].) Defense counsel attempted to meet and confer with opposing counsel regarding several discovery disputes, including those stemming from the Requests for Admission, but opposing counsel was non-responsive for 48 hours. (ECF No. 40.)

On September 10, 2018, the chambers of Judge Skomal held a Discovery Conference with Plaintiff's counsel Mackenzie Jeanne Colt and Defendants' counsel Philip C. Samouris and Joseph A. Gonnella regarding Plaintiff's responses to Defendants' written discovery requests. (ECF No. 43.) The Court then ordered Plaintiff to further respond to Plaintiff's written discovery requests by Thursday, September 13, 2018. (*Id.* at 2.) Plaintiff did not do so, and when defense counsel inquired as to whether Plaintiff would be supplementing her responses to the Requests for Admission numbers 9, 10, and 13, Plaintiff's counsel responded that she intended to meet with Plaintiff on the afternoon of September 19, 2018 to discuss her answers to the requests for admissions. (ECF No. 44-3, Ex. I.) Defendants filed a motion for sanctions on September 19, 2018 pursuant to the

Court's Order (ECF No. 43). (ECF No. 44.) Due to a technical filing error, Defendants refiled the Motion one day later. (ECF No. 46.) Plaintiff did not file an opposition. (*See* docket.)

## II. SANCTIONS STEMMING FROM PLAINTIFF'S FAILURE TO APPEAR AT AUGUST 30, 2018 NOTICED DEPOSITION

Defendants seek monetary sanctions in the amount of $1,459.50 against Plaintiff pursuant to Federal Rules of Civil Procedure ("Rules") 30(d)(2) and 37(d)(1)(A) for costs incurrent by Defendants due to Plaintiff's failure to appear at her noticed deposition. (ECF No. 46-1 at 4.)

Rule 30(d)(2) provides for sanctions against one who "impedes, delays or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Rule 30(d)(2) sanctions do not require a finding of bad faith. *Robinson v. Chefs' Warehouse*, No. 315CV05421RSKAW, 2017 WL 1064981, at *2 (N.D. Cal. Mar. 21, 2017). Further, a court must award fees and costs caused by a party's failure to appear for deposition, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(1)(A)(i); 37(d)(3) (outlining sanctions stemming from a party's failure to attend its own deposition).

Plaintiff failed to appear at her noticed deposition on August 30, 2018. (ECF No. 46-1 at 4-5.) As outlined in Defendants' Motion, her failure to appear was not substantially justified. As late as 6:51 p.m. on August 28, 2018, Plaintiff's former counsel Mr. Maurice VerStandig confirmed the deposition would take place on August 30, 2018. (*See* ECF No. 46-3, Ex. A.) However, on the morning of August 29, 2018, defense counsel received an email requesting the deposition be further postponed based on now-counsel Mr. Marvin Vining's affiliation with the case.[2] (ECF No. 46-1 at 5; ECF No. 46-2 ¶ 5; ECF No. 46-3,

---

[2] At the time, Mr. Vining, an attorney from Mississippi, had not appeared in the case and would not go on to do so for over a month. (*See* ECF No. 48 [Mr. Vining's October 4, 2018 Request to Appear Pro Hac Vice].) By the time he did so, it was several weeks past the September 10, 2018 fact discovery cut-off. (*See* ECF No. 23 ¶ 5.)

Ex. B.) Defendants had already agreed to reschedule Plaintiff's deposition once. (*See* ECF No. 46-1 at 4; ECF No. 46-2 ¶ 3; ECF No. 46-3, Ex. A.) Due to the impending September 10, 2018 fact discovery cut-off, defense counsel did not agree to a further continuance. (ECF No. 46-1 at 5; ECF No. 46-2 ¶ 5; No. 46-3, Ex. B.) He was advised by Mr. VerStandig later that afternoon Plaintiff would not be appearing at her deposition. (ECF No. 46-1 at 5; ECF No. 46-2 ¶ 5; ECF No. 46-3, Ex. B.) On August 30, 2018, defense counsel made a record of Plaintiff's nonappearance, with Ms. Colt present as counsel for Plaintiff. (ECF No. 46-1 at 5; ECF No. 46-2 ¶ 6; No. 46-3, Ex. C.)

Additionally, Plaintiff's former counsel Mr. Zein Obagi requested a Laotian interpreter be present during Plaintiff's deposition. (ECF No. 46-1 at 4; ECF No. 46-2 ¶ 4; ECF No. 46-3, Ex. A.) Counsel for the parties met and conferred regarding this issue, as it was not clear that Plaintiff needed a Laotian interpreter, but ultimately agreed to have an interpreter present at the August 30, 2018 deposition. (ECF No. 46-1 at 4; ECF No. 46-2 ¶ 4; ECF No. 46-3, Ex. A [Plaintiff "feels that she speaks perfect English. However, she also speaks Laos. We have counseled her in English without issue, but I do want to give fair warning that it is not her first language."].) Due to the "late cancellation" of the translator for the deposition, defense counsel received a bill for $1,207.50. (ECF. No. 46-1 at 5; ECF No. 46-2 ¶ 7; ECF No. 46-3, Ex. D.) Defendants also incurred $262.00 in court reporting fees.[3] (ECF No. 46-1 at 5; ECF No. 46-2 ¶ 7; ECF No. 46-3, Ex. E.)

Having reviewed Defendants' filings, the Court finds that they are entitled to reimbursement of their costs from Plaintiff's failure to appear at her August 30, 2018 noticed deposition. It is well established that where a party fails to attend its properly noticed deposition, opposing counsel is entitled to an award of costs associated with the deposition. *See* Fed. R. Civ. P. 30(d)(2) (giving court the authority to sanction any party who "impedes, delay, or frustrates the fair examination of the deponent"); Fed. R. Civ. P.

---

[3] As noted, Defendants included two invoices totaling $1,469.50. However, because they only requested $1,459.50 in their Motion, that is all that will be awarded.

4

37(d)(1)(A) (court may impose sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition"); *Societe Civile Succession Guino v. Renoir*, 305 F. App'x 334, 338 (9th Cir. 2008), *as amended on denial of reh'g* (Apr. 1, 2009) (holding a district court did not abuse its discretion in imposing sanctions when witness failed to attend deposition and did not give notice until one day before the deposition was set to take place). Plaintiff failed to attend her August 30, 2018 deposition, despite the appearance of counsel on her behalf. (ECF No. 46-1 at 4-5.) She provided no response to this motion, let alone a response that shows her failure to appear at her deposition was "substantially justified." *See* Fed. R. Civ. P. 37(d)(1)(3) ("[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Accordingly, Defendants are entitled to full reimbursement of their costs in the amount of $1,459.50. Further, Plaintiff shall pay the fees for a Laotian translator if one was used during Plaintiff's deposition, which was scheduled to have taken place at the end of September 2018.[4]

### III. SANCTIONS STEMMING FROM PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS NUMBERS 9, 10, AND 13

Defendants seek to have Plaintiff's responses to their Requests for Admissions numbers 9, 10, and 13 deemed admitted because the responses were not received by Defendants until August 22, 2018, when they were due to be served on August 6, 2018

---

[4] At the time Defendants filed this Motion, Plaintiff's deposition had not yet taken place. Since then, however, her deposition appears to have taken place. (*See* ECF No. 43 [requiring the parties to agree to a date no later than the end of September 2018 for Defendants to take Plaintiff's deposition]; ECF No. 46-3, Ex. I ["We have confirmed with Ms. Manipoun her appearance for 9/25/2018."].) In their Motion, Defendants request that Plaintiff be "ordered to pay all translator fees going forward." (ECF No. 46-1 at 6.) The Court does not find a blanket order requiring Plaintiff to pay for the cost of a translator for all proceedings going forward to be appropriate at this time.

pursuant to a stipulation between the parties. (ECF No. 46-1 at 6-7.) In the alternative, they request that the Court order Plaintiff to provide further clarifying responses. (*Id.*)

Defendant James Cox's Requests for Admissions numbers 9, 10, and 13, as well as Plaintiff's responses, are as follows:

> **Request for Admission No. 9:** Admit defendant James Cox did not make any representation to YOU prior to May 7, 2016.
> **Response to Request for Admission No. 9:** Denied – a representation was indirectly made.
>
> **Request for Admission No. 10:** Admit defendant James Cox did not make the REPRESENTATION (REPRESENTATION means the alleged "representation to the public at large that any person who won the Drawing would receive the Car," [as defined in paragraph 28 of your complaint]) to YOU at any time.
> **Response to Request for Admission No. 10:** SDEM made the representation that anyone who won the drawing would receive the car.
>
> **Request for Admission No. 13:** Admit that YOU and defendant James Cox did not enter into an agreement.
> **Response to Request for Admission No. 13:** Denied. A proposed agreement was relayed via Edward Teems from James Cox before the drawing.

(ECF No. 46-3, Ex. G.) Defendant San Diego European Motorcars, Ltd.'s Requests for Admissions numbers 9, 10, and 13, as well as Plaintiff's responses, are as follows:

> **Request for Admission No. 9:** Admit defendant SDEM did not make any representation to YOU prior to May 7, 2016.
> **Response to Request for Admission No. 9:** SDEM did make representations to Edward Teems prior to May 7 when he won the first Aston Martin. If we won a second car a deal was proposed whereby we could first sell the car to a wholesaler and then the wholesaler would sell it back to the SDEM, at which point in time we could receive a check for 90K. SDEM has a written agreement with Viejas casino not to buy back any "won" car for a period of at least one year. First selling the car to a wholesaler is a way to circumvent this agreement. We can only surmise that the purpose of this agreement is to help entice a winning patron to take the "lower" case offer instead of the car. In this particular case the cash offer was 60K for a 135K car, that is 44%. This proposed "arrangement" was disclosed to me by Edward Teems before May 7, 2016.

**Request for Admission No. 10:** Admit defendant SDEM did not make the REPRESENTATION (REPRESENTATION means the alleged "representation to the public at large that any person who won the Drawing would receive the Car," [as defined in paragraph 28 of your complaint]) to YOU at any time.

**Response to Request for Admission No. 10:** Deny. An Aston Martin owned by SDEM with a displayed stock number was on display at the casino. Signs all over the casino were advertising the promotion. A billboard sign on Interstate 8 also displayed the promotion. Any reasonable person walking through the casino would know they had a chance to win an Aston Martin provided by SDEM.

**Request for Admission No. 13:** Admit that YOU and defendant SDEM did not enter into an agreement.

**Response to Request for Admission No. 13:** Deny. As stated earlier an implied and explicit contract existed. If a patron was lucky enough to win the Dream Machine promotion at Viejas Casino, then SDEM would provide an Aston Martin for them.

(ECF No. 46-3, Ex. H.)

Under Federal Rule of Civil Procedure 36(a)(3), if a party serves on another party requests for admission, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, parties can stipulate to a longer time for responding. *Id.* Further, district courts have the discretion to grant relief from an admission under Rule 36(b) when: (1) "it would promote the presentation of the merits of the action" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Under the second half of the Rule 36(b) test, "[t]he party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. Accordingly, courts construing motions to deem requests admitted after only a brief delay

in receiving responses have looked to whether the failure to receive the responses in a timely fashion caused any prejudice to the propounding party. *See, e.g.*, *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006) (declining to deem requests for admission admitted where the delay amounted to a total of two days and propounding party failed to show prejudice); *Nilon v. Nat.-Immunogenics Corp.*, No. 3:12-CV-00930-LAB BG, 2014 WL 3779006, at *5 (S.D. Cal. July 31, 2014) (declining to deem requests for admission admitted where the delay amounted to a total of nine days and propounding party failed to show prejudice).

Here, although untimely, Plaintiff did serve responses to Defendants' Requests for Admissions. (ECF No. 46-2 ¶ 8; ECF No. 46-3, Exs. G-H.) The factors set forth above weigh in favor of granting relief to Plaintiff under Rule 36(b). *See Conlon*, 474 F.3d at 621-22; *Nilon*, 2014 WL 3779006, at *5. The presentation of the merits of this action would be subserved if Defendants were allowed to prevail on the matters deemed to be admitted under Rule 36, and Defendants have demonstrated no prejudice as a result of the delay in receiving Plaintiff's responses to the Requests for Admission. Accordingly, Defendants' request to deem responses admitted is denied.

However, the Court does find Plaintiff's responses to Defendants' Requests for Admissions numbers 9, 10, and 13 to be evasive, nonresponsive, and fail to "fairly respond to the substance of the matter." *See* Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."). Plaintiff's responses often conflate representations made to Plaintiff, proposals made to Plaintiff, or agreements made with Plaintiff with those made to a different individual or a broad group of individuals. Accordingly, to the extent Plaintiff

has not already done so,[5] she must provide further clarifying responses to Requests for Admission numbers 9, 10, and 13 within 7 days of this order.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Unopposed Motion for Sanctions (ECF No. 46) is **GRANTED IN PART**. Specifically, monetary sanctions are imposed against Plaintiff in the amount of $1,459.50, to be paid **within 30 days of this order**. Additionally, Plaintiff shall pay for the cost of a Laotian interpreter if one was used at her subsequent deposition. Finally, to the extent she has not already done so, Plaintiff is to provide a further clarifying response to Defendants' Requests for Admissions numbers 9, 10, 13 **within 7 days of this order**.

**IT IS SO ORDERED.**

Dated: November 13, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] In their Motion, Defendants indicate that Plaintiff's counsel intended to meet with Plaintiff to discuss her responses. (ECF No. 46-1 at 7; ECF No. 46-2 ¶ 9; ECF No. 46-3, Ex. I.) Thus, it is possible Plaintiff has already supplemented her responses.