UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDA MANIPOUN a.k.a. ANOMA SENGVIXAY,<br><br>Plaintiff,<br><br>v.<br><br>LOU DIBELLA; CHRIS KELLY; LINDA CARR; JAMES COX; SAN DIEGO EUROPEAN MOTORCARS, LTD. d/b/a ASTON MARTIN OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-CV-02325-AJB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REQUEST ADDITIONAL DISCOVERY; AND**<br><br>**(2) DENYING PLAINTIFF'S REQUEST TO FILE PARTIAL SUMMARY JUDGMENT MOTION AFTER PENDING MOTION TO AMEND COMPLAINT IS RESOLVED**<br><br>(Doc. Nos. 50, 74) |

Pending before the Court is Plaintiff Merida Manipoun's ("Plaintiff") motion for leave to amend her complaint and request to file partial summary judgment motion after pending motion to amend complaint is resolved. (Doc. Nos. 50, 74.) Defendants filed an opposition to Plaintiff's motion for leave to amend. (Doc. No. 55.) Plaintiff did not file a reply. For the reasons set forth more fully below, the Court **DENIES** Plaintiff's motions.

## I. BACKGROUND

On May 7, 2016, Plaintiff won an Aston Martin automobile through a drawing at the Viejas Casino & Resort. (Doc. No. 1 ¶¶ 1, 18, 20.) The Aston Martin dealership informed Plaintiff that it did not possess any paperwork indicating that she was entitled to the car. (*Id.* ¶¶ 3, 25.) On May 12, 2016, Defendant Dibela telephoned Plaintiff and informed her that she would not receive the car or any substitute consideration of comparable value. (*Id.* ¶¶ 3, 26.) Plaintiff filed her complaint on November 16, 2017. Plaintiff alleges four causes of action for (1) fraud, (2) conspiracy to defraud, (3) breach of unfair competition law, and (4) breach of unilateral contract. (*See generally id*.)

On April 26, 2018, Defendants Dibela and Carr filed a motion to dismiss. (Doc. No. 26.) On the same day, Defendants Cox and European Motorcars filed a motion to dismiss. (Doc. No. 28.) Subsequently, on May 10, 2018, Plaintiff filed a Notice of Voluntary Dismissal, which effectively dismissed, without prejudice, Defendants Dibela and Carr from Plaintiff's case. (Doc. No. 31.) The dismissal of Defendants Dibela and Carr left Defendants Cox and European Motorcars ("Defendants") as the remaining defendants in Plaintiff's case. (Doc. No. 28.) On October 12, 2018, the Court denied Defendants' motions to dismiss. (Doc. No. 54.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

|   | etc.—the leave sought should, as the rules require, be 'freely given.' |

*Id*. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

### III. DISCUSSION

#### A. Plaintiff's Motion for Leave to Amend

Plaintiff seeks to amend her complaint with a "potential RICO and class action suit" claim. (Doc. No. 50-1 at 12.) Plaintiff's motion is unsupported and simply states that she is entitled to amend her complaint as Rule 15(a) states that in relevant part that "the court should freely give leave [] when justice so requires." (Doc. No. 51 at 2.) Plaintiff explains that there is "newly discovered evidence" that Plaintiff used "advantage play" during the drawing at issue in this matter. (*Id.*) Plaintiff states that this suggests that the entire drawing is rigged for "insiders." (*Id.*) Thus, Plaintiff wishes to reopen discovery and amend her complaint.

First, Plaintiff brought this motion after the discovery cutoff date. (Doc. No. 23 ¶ 5.) Second, this "newly discovered evidence" is a fact that was known to Plaintiff herself since the start of this litigation. Further, Plaintiff failed to notice any depositions during the nearly one-year discovery period. Plaintiff was not diligent throughout the discovery period. Accordingly, Plaintiff has not provided good cause as to why the Court should modify the scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants allege that leave to amend should be denied due to Plaintiff's undue delay, bad faith and undue prejudice to Defendants. Further, Defendants allege that Plaintiff's amendment is futile. As to prejudice, this factor carries the "greatest weight" among the five *Foman* factors. *Eminence Capital, LLC*, 316 F.3d at 1052. Here, discovery would have to be reopened and Plaintiff is seeking to add a new cause of action and new parties. (*See generally* Doc. No. 50.) Defendants have already filed a motion for summary

judgment in this matter. (Doc. No. 62.) Accordingly, the Court finds that Defendants would be prejudiced by this amendment. *See Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the district court's conclusion that plaintiff's motion amend would cause undue delay and prejudice on the eve of the discovery deadline); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming the district court's holding that plaintiff's leave to amend should be denied since requiring defendants at such a late stage of the litigation to entirely change their course of defense is unduly prejudicial).

Further, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). As stated above, Plaintiff herself has been aware of this "newly discovered evidence" since the beginning of the litigation. This "newly discovered evidence" came from her own deposition. Accordingly, based on the undue prejudice to Defendants and the fact that Plaintiff has been aware of this fact for the 20 months that litigation had been pending prior to this motion, the Court **DENIES** Plaintiff's leave to amend.

### B. Plaintiff's Request to File Partial Summary Judgment Motion After Pending Motion to Amend Complaint is Resolved

The Court is unclear as to what exactly Plaintiff is seeking in this motion. Plaintiff filed this motion prior to the Court issuing an order on its motion to amend. Plaintiff states that she is filing this request to address two contingencies: "A) the Court might grant Plaintiff permission to amend her complaint but not give the parties a new scheduling order, and B) the Court might now allow Plaintiff to amend her complaint." (Doc. No. 74 at 2–3.) Plaintiff requests that she be allowed to file a partial summary judgment on the basis of liability, but that she would prefer all summary judgment activity be suspended until after the new claims are fully explored in discovery. (Doc. No. 74-1 at 7.) The Court has now

denied Plaintiff's leave to amend and thus, there will be no new claims to explore in discovery. Accordingly, the Court **DENIES** this motion without prejudice as premature.

### IV. CONCLUSION

For the foregoing reasons, and in the interests of judicial economy, Plaintiff's motion for leave to amend is **DENIED** and Plaintiff's request to file partial summary judgment motion after pending motion to amend complaint is resolved is **DENIED** without prejudice as premature.

**IT IS SO ORDERED**.

Dated: May 1, 2019

Hon. Anthony J. Battaglia
United States District Judge