UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDA MANIPOUN a.k.a. ANOMA SENGVIXAY,<br><br>Plaintiff,<br><br>v.<br><br>LOU DIBELLA; CHRIS KELLY; LINDA CARR; JAMES COX; SAN DIEGO EUROPEAN MOTORCARS, LTD. d/b/a ASTON MARTIN OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-CV-02325-AJB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT;**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO POST AN UNDERTAKING; AND**<br><br>**(3) DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**<br><br>(Doc. Nos. 56, 62) |

Pending before the Court are Defendants James Cox and Aston Martin of San Diego's motion for summary judgment and motion for order requiring Plaintiff to post an undertaking. (Doc. Nos. 56, 72.) Plaintiff filed oppositions to both of Defendants' motions. (Doc. Nos. 59, 65, 70.) Plaintiff filed replies. (Doc. Nos. 60, 66, 73.) For the reasons set forth more fully below, the Court **GRANTS** Defendants' motion for summary judgment

1

and **DENIES** Defendants' motion for order requiring Plaintiff to post an undertaking.

## I. BACKGROUND

On May 7, 2016, Merida Manipoun ("Plaintiff") participated in the "Dream Machine," a promotional event held at Viejas Casino and Resort ("Casino"). (Doc. No. 50-1 at 4; Doc. No. 62-1 at 2–3.) Plaintiff was issued a "V Club Card" that garnered entries into a drawing each time the V Club Card was used on the slot machine. (*Id.*) Plaintiff "earned the opportunity" to participate in the drawing and was called on stage to select a single envelope from various envelopes available. (Doc. No. 50-1 at 5.) Plaintiff picked an envelope containing a certificate for an Aston Martin V8 Vantage (the "Car"). (*Id.*) Casino issued Plaintiff a Form 1099 indicating a $134,000 income, the suggested retail value of the Car. (*Id.* at 6.)

On May 12, 2016, Mr. Dibella, the Casino's manager, called Plaintiff to inform her she would not be receiving the Car. (Doc. No. 1 ¶ 26.) Defendants assert the Casino disqualified Plaintiff from the contest because she allowed her companion to use her V Club Card to improperly gain entries into the drawing, which constituted a violation of the contest rules. (Doc. No. 62-1 at 2.)

On November 16, 2017, Plaintiff sued Defendants and three other defendants for fraud, conspiracy to defraud, breach of unfair competition, and breach of unilateral contract. (Doc. No. 1.) Other defendants to this action were Lou Dibella, Chris Kelly, and Linda Carr. (*Id.*) On May 10, 2018, Plaintiff voluntarily dismissed Defendants Dibella and Carr from this litigation. (Doc. No. 31.) On August 1, 2019, at the hearing on this present motion, Plaintiff stated that claims against Defendant Kelly were also dropped. (Doc. No. 88 at 6.)

On November 7, 2018, Defendants James Cox and Aston Martin of San Diego ("Defendants") filed a motion for an order requiring Plaintiff to post an undertaking. (Doc. No. 56.) On February 6, 2019, Defendants filed a motion for summary judgment. (Doc. No. 62.) On February 20, 2019, Plaintiff filed a motion to strike Defendants' motion for summary judgment as her response to Defendants' motion. (Doc. No. 65.) While this

Court's briefing schedule on the Defendants' summary judgment motion did not permit sur-replies, (Doc. No. 63), the Court granted Plaintiff's motion to file a sur-reply. (Doc. No. 69.)

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, a court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendants bring two separate motions. Defendants seek summary judgment as well as an order requiring Plaintiff to post an undertaking.

/ / /

A.  Motion for Summary Judgment

Defendants seek summary judgment, or partial summary judgment, as to the following causes of action: (1) fraud; (2) conspiracy to defraud; (3) breach of unfair competition law; and (4) breach of unilateral contract. (Doc. No. 62.) However, the Court notes that at the hearing on August 1, 2019, Plaintiff abandoned her claims of fraud, conspiracy, and unfair competition against Defendants. Plaintiff solely argued that her breach of contract claim survives Defendants' motion. However, since the briefing addressed all four claims, the Court will briefly address each claim on the merits.

Further, Plaintiff argued that Defendants' motion was untimely as Plaintiff's motion for leave to amend her complaint and reopen discovery was pending. Plaintiff moved to strike Defendants' motion on this basis. However, the Court previously denied Plaintiff's motion for leave to amend her complaint. (Doc. No. 76.) Accordingly, the Court denies Plaintiff's request to strike Defendants' motion as moot.

*i.  Fraud*

To prevail on a fraud claim, a plaintiff must prove: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

Defendants argue Plaintiff's fraud claim must fail because (1) Plaintiff lacks evidence that Defendants made any representation, much less a false representation; and (2) Plaintiff expressly admitted that Defendants made no false representation. (Doc. No. 62-1 at 6–7.)

In support, Defendants cite to Plaintiff's responses to written discovery and her video deposition. (*Id.* at 6–8.) In Plaintiff's written discovery, Defendants' counsel asked "If you contend that an employee or officer of [the Dealership] represented to you that a fact was true that was not true, please state all facts which support that contention[.]"

("Samouris Decl.." Ex. B at 4:18–20, Doc. No. 62-5.) Plaintiff responded, "James Cox of [the Dealership] refused to deliver a 2016 Aston Martin Vantage despite being shown all of the winning documents." (*Id.* at 4:23–24.) Defendants contend a "refusal" is not a false representation; indeed, "it is not a representation at all." (Doc. No. 62-1 at 6.)

With respect to the "scienter" element, Defendants point to Plaintiff's response to written discovery wherein Plaintiff generally asserts "James Cox of [Dealership] had delivered other Aston Martins from previous years and previous Dream Machine drawings. He clearly knew . . . [Plaintiff] was entitled to a car." (Samouris Decl. at 5:26–28, Doc. No. 62-5.) However, Defendants contend Plaintiff's unsupported, conclusory claims are insufficient to withstand summary judgment. (Doc. No. 62-1 at 6–7.)

Finally, Plaintiff "expressly admitted" that Defendants made no false representation. (Doc. No. 62-1 at 7.). Plaintiff's "fatal admission" in her deposition was when she was asked, "Did Mr. Cox ever tell you something that you later discovered was not true?" to which she answered, "I didn't talk to them." (Doc. No. 62-1 at 7.; "Manipoun Depo.," Ex. A at 33:23–34:3, Doc. No. 62-4.)

Notably, Plaintiff's testimony consists of contradictory statements. While Plaintiff did indeed testify in her deposition that she did not talk to Defendants, she also testified that she had spoken to *someone* at the Dealership but could not remember his name. (Manipoun Depo. at 9:11–13.) She further testified "that person said they're going to call the casino," but no other communication was had with the Dealership thereafter. (*Id.* at 9:20–11:1.) She also testified she "maybe" spoke to Mr. Cox, (*Id.* at 11:13–15), and that Mr. Cox told her he was going to call her back. (*Id.* at 13:2–6.) As such, her testimony is unclear as to whether there was one, two, or no conversations at all with the Dealership.

To the extent there *was* communication with the Dealership, it remains undisputed there were no *substantive* communications between Plaintiff and Defendants. Indeed, Plaintiff testified the conversation(s) was limited to a representative of the Dealership telling her they would call the Casino (or her). This does not amount to a "representation." Moreover, Plaintiff does not oppose any of Defendants' arguments – and at the August 1,

2019 hearing admitted she was abandoning her claim of fraud against Defendants. (*See generally* Doc. No. 70.)

      ii.     *Conspiracy to De-Fraud*

"Under California law, there is no separate and distinct tort cause of action for civil conspiracy." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997); *see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994) ("Conspiracy is not a cause of action" rather, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.")

Plaintiff's conspiracy claim requires admissible evidence of "actual knowledge." (Doc. No. 62-1 at 8); *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995) ("the conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose."); *Choate v. Cnty. of Orange*, 86 Cal. App. 4th 312, 333 (2000) (plaintiffs have a "weighty burden" to prove civil conspiracy and "must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.").

Defendants submitted a declaration from Mr. Cox stating, "[t]he Casino operated the Drawing and selected the winner. The Dealership and I played no role in the operation of the Drawing and/or the selection of the winner." ("Cox Decl.," Doc. No. 62-2 at ¶ 3). The declaration continues, "[t]he Dealership and I played no role in deciding whether [Plaintiff] was a winner and/or whether she would be given a car. The Dealership and I did not issue a tax Form 1099 to [Plaintiff] and have no knowledge of any such form being given to her." (*Id.*)

Like the substantive fraud claim, Plaintiff does not oppose any of Defendants' arguments and stated at the August 1, 2019 hearing that she was abandoning her civil conspiracy claim against Defendants.

/ / /

### iii. Breach of Unfair Competition Law

California's UCL permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. . . ." Cal. Bus. & Prof. Code § 17200. Under the UCL, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *In re Tobacco II Cases*, 46 Cal. 4th 298, 311 (2009). To establish an "unlawful" business practice, "a UCL action borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices[.]" *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) (internal quotation marks omitted). "An 'unfair' business practice is actionable under the [UCL] even if it is not 'deceptive' or 'unlawful.'" *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 990 (2008). An "unfair" business practice occurs "when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Wilner v. Sunset Life Ins. Co.*, 78 Cal. App. 4th 952, 965 (2000) (internal quotation marks and citations omitted). "An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 839 (2006). Finally, a "fraudulent" business practice is distinct from a common law claim and a plaintiff does not need to prove the elements of common law fraud to obtain relief. *In re Tobacco II Cases*, 46 Cal. 4th at 312. "[T]he term 'fraudulent,' as used in the UCL, has required only a showing that members of the public are likely to be deceived." *Daugherty*, 144 Cal. App. 4th at 838.

Defendants argue Plaintiff cannot prove it made any misleading representation to Plaintiff. (Doc. No. 62-1 at 10.) Defendants offer three reasons for this contention: (1) there is no supporting evidence Dealership made a misleading representation; (2) Cox's declaration disclaims making *any* representation to Plaintiff, let alone a misleading one; and (3) in her deposition, Plaintiff testified Cox made no false statement to her. (*Id.*) Moreover, Defendants argue they cannot be held "vicariously liable for the purported

7

wrongs of the Casino." (*Id.*); *see also People v. Toomey*, 157 Cal. App. 3d 1, 14 (1984) ("The concept of vicarious liability has no application to actions brought under the unfair business practices act."); *Emery v. Visa Int'l Serv. Ass'n,* 95 Cal. App. 4th 952, 960 (2002) ("A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500.") (internal quotations omitted).

It is unclear whether Plaintiff even addressed the unfair competition claim in her response – it certainly was not *properly* addressed. However, Plaintiff again stated at the August 1, 2019 hearing that she was abandoning this claim against Defendants as well.

### iv. *Breach of Unilateral Contract*

The elements of a cause of action for breach of contract are: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Defendants argue Plaintiff lacks evidence to prove an essential element of her contract claim – the existence of a contract. (Doc. No. 62-1 at 11.) In support of this argument, Defendants cite to Plaintiff's deposition:

Q: Do you recall ever entering into any agreement with the car dealership?

Ms. Colt [Plaintiff's counsel]: Objection. Calls for a legal opinion.

A: No.

(Manipoun Depo. at 11:2–6.)

As explained above, Plaintiff had no substantive discussions with Defendants. (*See* Doc. No. 11.) During Plaintiff's deposition, she testified she had no communication with Defendants except for one instance where someone at the Dealership told her they would call her back. (*Id.*) (citing Manipoun Depo. at 8:23–11:1.)

Plaintiff contends a contract *was* formed between Plaintiff and Defendants. (Doc. No. 70 at 8.) To support her position, Plaintiff offers the following as evidence:

8

17-CV-02325-AJB-BGS

Exhibits 1 & 2: A promotional offer for the "Dream Machine" drawing that was mailed to Plaintiff and her husband;

Exhibit 3: The Car Winners Log with Plaintiff's name and signature indicating she is the winner of an Aston Martin V8 Vantage.

Exhibit 4: A 1099 form issued by Viejas Casino to Plaintiff reporting $134,000 as "other income."

(*Id.* at 9–10.)[1]

As to Exhibits 1 and 2, Plaintiff admits the promotional mailer "does not mention San Diego European Motorcars, Ltd, d/b/a Aston Martin of San Diego specifically, but it does mention the Aston Martin car and they are the only Aston Martin dealership in the area." (*Id.* at 8–9.)

As to Exhibit 3, Plaintiff points out "paragraph three explicitly identifies Aston Martin of San Diego by name, and it states that they are 'required to provide a copy of the sales contract to Viejas Casino & Resort after the transaction is complete.'" (*Id.* at 9.) She argues this "is sufficient in and of itself to establish the existence of an enforceable contract." (*Id.*)

Finally, as to Exhibit 4, Plaintiff argues the 1099 form filed with the IRS indicating "Plaintiff had already received a car . . . proves the existence of a contract after the fact by [the Casino's] established course of conduct." (*Id.* at 9–10.)

The facts remain undisputed. Plaintiff does not dispute Defendants' factual assertion that Plaintiff had no substantive discussions with Defendants. Defendants do not dispute

---

[1] To note, Plaintiff also included an Exhibit 5, which is a copy of the "V Club Membership Privileges and Conditions" that indicates misuse of an individual's V Club Card could result in disqualification from the promotion. This exhibit was offered to prove Plaintiff was improperly disqualified. The Court notes that whether or not the disqualification was warranted is irrelevant to the threshold issue of whether a contract was formed.

9

the existence of, nor the content contained in, the four exhibits Plaintiff relies upon. Therefore, the issue remaining is whether these facts establish the formation of a contract between Plaintiff and Defendants. This determination is a matter for the Court. *See Robinson & Wilson, Inc. v. Stone*, 35 Cal. App. 3d 396, 407 (1973) ("[W]hether a certain or undisputed state of facts establishes a contract is one of law for the court . . . On the other hand, where the existence and not the validity or construction of a contract or the terms thereof is the point in issue, and the evidence is conflicting or admits of more than one inference, it is for the jury or other trier of the facts to determine whether the contract did in fact exist[.]")

Notably, Plaintiff cites to a law review article, a series of case law, and the Restatement (Second) of Contract, without ever expressly applying them to the facts of this case. (*See generally* Doc. No. 70.) In fact, some are simply inapplicable to the facts here.[2] In what is seemingly an argument for co-party liability, Plaintiff cites *Clark v. Washington*, 25 U.S. 40 (1827). In *Clark*, the Court held a municipal corporation empowered (by the charter granted by Congress to the city of Washington) to "authorize the drawing of lotteries" is liable to a winning lottery ticket holder even if the corporation had sold the entire lottery to an individual who had agreed to execute the details of the lottery, including payment of prizes. *Id.* at 44. Plaintiff analogizes this type of liability to a modern-day situation where the lottery company *and* the gas station would be liable to the purchaser for a winning ticket. (Doc. No. 70 at 5.) This analogy is not supported by any legal authority. Moreover, Plaintiff appears to seek extension of the "gas station" liability analogy to the facts here by holding Defendants liable to Plaintiff. (*See* Doc. No. 5.)

---

[2] For example, Plaintiff cites to the Restatement (Second) of Contracts with respect to third-party beneficiaries but fails to discuss its relevance in this case where the suit is not brought by a third-party beneficiary. (Doc. No. 70 at 6.) As another example, Plaintiff cites a series of case law with respect to waiver of breach through course of conduct, even though this case contains no allegations of waiver of breach. (*Id.* at 7–8.)

Assuming arguendo, that gas stations are liable for selling winning tickets (which neither party cites to authority that supports or contradicts this theory), Defendants persuasively distinguish the facts here by arguing it did not operate the promotion nor sell anything to Plaintiff. (Doc. No. 73 at 4.)

Moreover, none of the exhibits Plaintiff relies upon proves the existence of a contract between Plaintiff and *Defendants*. (Doc. No. 73 at 4.) Defendants contend Exhibits 1 and 2 (the promotional mailer) "confirm[] what the Dealership has already shown – that Viejas Casino exclusively operates the promotion." (*Id.*) Moreover, Defendants argue Exhibit 3 (the winner's log) "is clear[ly] prepared by Viejas Casino to be signed by the casino patron, and that the Dealership did not create it or sign it." (*Id.*) Defendants also point out that the winner's log states "Management [of the Casino] will resolve any dispute or situation not covered by the official promotional rules and that decision shall be final and binding on all participants in this promotion." (*Id.*); (*see also* Doc. No. 70-3 at 2.) Finally, Exhibit 4 (the 1099 form) was issued by the Casino and not the Defendants. (*Id.*) The Court agrees with Defendants' analysis and finds that a contract did not exist between Plaintiff and Defendants.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment in its entirety.

B.  Motion for Order Requiring Plaintiff to Post an Undertaking

In light of the Court granting Defendants' motion for summary judgment, Defendants' motion for an order requiring Plaintiff to post an undertaking is moot. The case is now closed. Defendants may seek the appropriate motion for attorneys' fees and costs. The Court **DENIES** Defendants' motion for an order requiring Plaintiff to post an undertaking as moot.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment in its entirety and **DENIES** Defendants' motion for an order requiring Plaintiff to post an undertaking as moot. Accordingly, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: September 9, 2019

Hon. Anthony J. Battaglia
United States District Judge