UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDA MANIPOUN a.k.a. ANOMA SENGVIXAY,<br><br>Plaintiff,<br><br>v.<br><br>LOU DIBELLA; CHRIS KELLY; LINDA CARR; JAMES COX; SAN DIEGO EUROPEAN MOTORCARS, LTD. d/b/a ASTON MARTIN OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-CV-2325-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**<br><br>(Doc. No. 91) |

Pending before this Court is a Motion for Rule 11 Sanctions filed by Defendants San Diego European Motorcars, Ltd. d/b/a Aston Martin of San Diego and James Cox ("Defendants"). (Doc. No. 91.) Oppositions were filed by Mr. VerStandig, (Doc. No. 102), Mr. Obagi, (Doc. No. 105), Mr. Vining, Ms. Colt, and Plaintiff, (Doc. No. 103). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Rule 11 Sanctions.

/ / /

/ / /

/ / /

# BACKGROUND

On May 7, 2016, Merida Manipoun ("Plaintiff") participated in the "Dream Machine," a promotional event held at Viejas Casino and Resort ("Casino"). (Doc. No. 50-1 at 4; Doc. No. 62-1 at 2–3.) Plaintiff was issued a "V Club Card" that garnered entries into a drawing each time the V Club Card was used on the slot machine. (*Id.*) Plaintiff "earned the opportunity" to participate in the drawing and was called on stage to select a single envelope from various envelopes available. (Doc. No. 50-1 at 5.) Plaintiff picked an envelope containing a certificate for an Aston Martin V8 Vantage (the "Car"). (*Id.*) The Casino issued Plaintiff a Form 1099 indicating a $134,000 income, the suggested retail value of the Car. (*Id.* at 6.)

On May 12, 2016, Mr. Dibella, the Casino's manager, called Plaintiff to inform her she would not be receiving the Car. (Doc. No. 1 ¶ 26.) Defendants assert the Casino disqualified Plaintiff from the contest because she allowed her companion to use her V Club Card to improperly gain entries into the drawing, which constituted a violation of the contest rules. (Doc. No. 62-1 at 2.)

On November 16, 2017, Plaintiff sued Defendants and three other defendants for fraud, conspiracy to defraud, breach of unfair competition, and breach of unilateral contract. (Doc. No. 1.) Other defendants to this action were Lou Dibella, Chris Kelly, and Linda Carr. (*Id.*) On May 10, 2018, Plaintiff voluntarily dismissed Defendants Dibella and Carr from this litigation. (Doc. No. 31.) Defendants' filed a motion to dismiss that was subsequently denied on procedural grounds as it was untimely. (Doc. No. 54 at 3.) The parties then began discovery. Magistrate Judge Skomal granted in part sanctions against Plaintiff for Plaintiff's failure to appear at her deposition and Plaintiff's failure to respond to certain requests for admissions. (Doc. No. 58.) Plaintiff sought leave to file an amended complaint, however, this was denied as untimely. (Doc. No. 76.) Defendants then filed a motion for order requiring Plaintiff to post an undertaking and a motion for summary judgment. (Doc. Nos. 56, 62.) Plaintiff filed a motion to strike as her opposition to Defendant's motion for summary judgment. (Doc. No. 65.) Plaintiff then sought to file a

sur-reply, which the Court permitted. (Doc. No. 69.) The Court then held a hearing regarding Defendants' motion for summary judgment. Thereafter, the Court issued an order granting Defendants' motion for summary judgment. (Doc. No. 89.) Subsequently, Defendants filed the instant motion for sanctions. (Doc. No. 91.)

## **LEGAL STANDARD**

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994). Complaints filed in the face of previous dismissals involving the same legal issues or the same parties warrant sanctions under Rule 11. *See Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir.1990); *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987); *Warren*, 29 F.3d at 1390. When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated. *Id.* at 1389. A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head"). Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained "frivolous" legal arguments. Where such a violation is found, Rule 11 authorizes sanctions against persons-attorneys, law firms, or parties-responsible. *See Pavelic & LeFlore v. Marvel Entm't Gp.*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); Fed.R.Civ.P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

Where such sanctions are sought by motion, Rule 11 contains a "safe harbor" provision stating that a motion for sanctions may not be filed until 21 days after it is served. *See* Fed. R. Civ. Pro. 11(c)(1)(A). This "safe harbor" gives the party subject to the Rule 11 motion 21 days to withdraw the offending pleading and thereby escape sanctions. *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir.1998). The 21–day "safe harbor" period is an absolute prerequisite (unless some other period is established by a court) to a motion for

sanctions brought by any party. This provision does not apply to bar court-initiated sanction proceedings; however, the court must issue an order to show cause and there are restrictions on the court's sua sponte sanctions authority. *See id.*

## DISCUSSION

Defendants seek sanctions under Rule 11 on the basis that this case is a "clear example of an abuse of the judicial process." (Doc. No. 91-1 at 8.) Furthermore, Defendants argue that this was not a temporary lapse in judgment, but rather was prolonged because Plaintiff pursued this case through summary judgment. (*Id.*) Defendants specifically identify three instances of conduct that violated Rule 11: (1) Plaintiff's Complaint, (2) Plaintiff's Motion for Leave to File Amended Complaint, and (3) Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (*Id.* at 9.)

A.    Request for Judicial Notice

Defendants request judicial notice of the Court's docket in this matter as Exhibit 1. Plaintiff, Mr. VerStandig, Mr. Obagi, Mr. Vining, and Ms. Colt do not oppose judicial notice of these documents. However, the Court need not take judicial notice of the its own docket or documents filed on the docket in this case. *Henricks v. California Pub. Utilities Comm'n*, No. 17CV2177-MMA (MDD), 2018 WL 2287346, at *8 (S.D. Cal. May 18, 2018) (citing *Asdar Grp. v. Pillsbury, Madison, & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996)) (finding moot Plaintiff's request for the Court to take judicial notice of pleadings filed on the docket in this case). Since this document is the Court's docket in this case, the Court **DENIES AS MOOT** Defendants' request for judicial notice. (Doc. No. 91-2.)

B.    Safe Harbor Notice

Rule 11 contains a "safe harbor" provision that a motion for sanctions may not be filed until 21 days after it is served. *See* Fed. R. Civ. Pro. 11(c)(1)(A). Here, Defense counsel informed Plaintiff throughout the litigation that Defense counsel would be seeking sanctions. On December 21, 2017 and January 24, 2018, Defense counsel informed Mr. Obagi and Mr. VerStandig that Defense counsel believed there was no factual or legal basis to proceed with this case. (Doc. No. 91-1 at 7.) On May 17, 2018, Defense counsel formally

served its Rule 11 "safe harbor" notice. (*Id.*) On August 29, 2018 and October 4, 2018, Defense counsel informed Mr. Vining of the "safe harbor" notice. (*Id.*) On September 5, 2018, Defense counsel informed Ms. Colt of the "safe harbor" notice. (*Id.*) Accordingly, Defense counsel has met the procedural requirement for Rule 11 sanctions.

C. <u>Sanctions Against Mr. VerStandig and Mr. Obagi</u>

Plaintiff was originally represented by Mr. VerStandig and Mr. Obagi. (Doc. No. 102 at 5.) Out of the three pleadings Defendants allege create the basis for Rule 11 Sanctions, Mr. VerStandig and Mr. Obagi only represented Plaintiff for the complaint. The complaint alleged claims of fraud, conspiracy to defraud, breach of unfair competition, and breach of unilateral contract. (*See generally* Doc. No. 1.) Both Mr. VerStandig and Mr. Obagi declare that they each investigated the facts alleged in the complaint prior to bringing this suit. (Doc. No. 102 at 7, Doc. No. 105 at 5.) Mr. VerStandig and Mr. Obagi attest that they reviewed evidence of the Casino's promotion, reviewed the Form 1099 that was sent to Plaintiff, verified the Casino's promotions, and assessed the financial viability of the promotions. (Doc. No. 102 at 8, Doc. No. 105 at 5–6.) These publicly available facts did not reveal any inconsistencies or other problems to both Mr. VerStandig and Mr. Obagi. (*Id.*) Defendants allege that Mr. VerStandig and Mr. Obagi failed to identify any information from these other available sources that supported the claims against Defendants.

Defendants sent a safe harbor version of a motion for sanctions in May of 2018. Upon review of this letter, Mr. VerStandig and Mr. Obagi began to press the Plaintiff for further assurances as to certain facts not verifiable in the public record. (Doc. No. 102 at 6, Doc. No. 105 at 4.) Thereafter, while Plaintiff's answers to interrogatories were being worked on and Plaintiff's deposition was nearing, Mr. VerStandig and Mr. Obagi "became uncomfortable prosecuting the case any further." (*Id.*) Both sought leave of the Court to withdraw as counsel. (*Id.*) Accordingly, Mr. VerStandig and Mr. Obagi request that they not be responsible beyond the scope of the complaint.

While Mr. VerStandig and Mr. Obagi did press Plaintiff for further assurances after

they received the safe harbor version of the motion, they are required to do this before filing the complaint. Attorneys and parties are required to "think first and file later" and "look before leaping." *See Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986); *Lied v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). Further, after they pressed Plaintiff for further assurances, Mr. VerStandig and Mr. Obagi became uncomfortable. However, it is unclear to the Court what information Plaintiff could have originally provided to Mr. VerStandig and Mr. Obagi to support the allegations in the complaint. Plaintiff's claims were not legally supportable. Mr. VerStandig and Mr. Obagi should have conducted the necessary research and investigation before filing this litigation. Had counsel properly done so, it should have prevented the filing of this baseless lawsuit. Accordingly, the Court **GRANTS** sanctions against Mr. VerStandig and Mr. Obagi.

D.  <u>Sanctions Against Ms. Colt, Mr. Vining, and Plaintiff</u>

First, Plaintiff's counsel states that its arguments will be strengthened once Plaintiff has the hearing transcript and can file a supplemental response. However, the transcript of the hearing was attached to the Declaration of Joseph A. Gonella in support of Defendants' motion for sanctions. (Doc. No. 91-9.) It is unclear if Plaintiff's counsel read the motion for sanctions. Furthermore, Plaintiff and Plaintiff's counsel failed to appear at the Court's hearing on this matter on December 12, 2019.

Second, Plaintiff's counsel states that they recall that the Court was willing to consider that course of conduct established an objective contract under California law. (Doc. No. 103-1 at 3–4.) The Court did consider the course of conduct argument in its Order granting Defendant's motion for summary judgment. (Doc. No. 89.) Further, Mr. Vining presented this argument at the hearing, and the Court addressed it at the hearing. (Doc. No. 91-9 at 19, 22.)

Further, Plaintiff's counsel states that the Mr. Samouris led the Court to believe that Plaintiff was lying about the 1099 Form. (Doc. No. 103-1 at 4.) However, this is not what Mr. Samouris stated. Mr. Samouris explained that a 1099 Form was issued incorrectly, and the Casino then issued a correction to the IRS. (Doc. No. 91-9 at 18.) Mr. Samouris did

state that Plaintiff was lying about paying taxes on the Car, but he did not state that she was lying about the 1099 Form. (*Id.* at 19.) Mr. Samouris never stated that Plaintiff submitted a fraudulent document to the IRS. However, this point simply does not matter. The Casino issued the 1099 Form, not Defendants. Accordingly, the existence of the 1099 Form and whether Plaintiff paid taxes on the Car does not establish the existence of a contract between Plaintiff and Defendants.

Additionally, Plaintiff's counsel explains that the Court would not grant a continuance of the hearing despite Ms. Colt's car being stolen the morning of the hearing on the motion for summary judgment. (Doc. No. 103-1 at 4.) However, Plaintiff's counsel never requested a continuance. Further, Plaintiff's counsel did not contact the Court to explain that they would be late for the hearing due to Ms. Colt's car being stolen. Instead, Plaintiff's counsel simply showed up twenty-eight minutes late for the hearing. Additionally, Plaintiff and Plaintiff's counsel failed to appear for the hearing on this matter.

Plaintiff then argues that her attempt to file an amended complaint was not frivolous because they had just recently discovered new evidence. (Doc. No. 103-1 at 5–6.) However, this newly discovered evidence was a fact that was known to Plaintiff since the start of this litigation. Furthermore, Plaintiff sought leave to amend after the discovery cutoff date and had not been diligent throughout the discovery process.

Plaintiff then filed a response to Defendants' motion for summary judgment, but claimed it was in fact a new motion to strike. Plaintiff failed to obtain a hearing date from the Court to file a new motion to strike. Plaintiff then sought leave to file a sur-reply to the motion for summary judgment. The Court typically does not allow for a sur-reply, but allowed it in this case due to Plaintiff's claim that her response was a new motion to strike. Plaintiff's response to Defendants' motion for summary judgment was not procedurally proper and was also frivolous. After all of the extensive briefing, Plaintiff decided at the hearing for the motion for summary judgment to abandon her claims of fraud, conspiracy, and unfair competition. However, puzzling to the Court, Plaintiff argues in her response to this motion that the Court erroneously granted the motion for summary judgment for fraud,

conspiracy, and unfair competition.

It is clear to the Court that the filing for an amended complaint, the opposition to Defendant's motion for summary judgment, and continuing to pursue this case to the summary judgment stage were frivolous. There was absolutely no evidence to establish a contract between Plaintiff and Defendants. Plaintiff throughout this entire litigation seems to confuse Defendants with the Casino. Plaintiff and Plaintiff's counsel continued to pursue a baseless lawsuit. Mr. VerStandig and Mr. Obagi became uncomfortable prosecuting the case further. Of concern to the Court is that Mr. Vining and Ms. Colt still do not express this same sentiment.

Mr. Vining and Ms. Colt also attempted to extract a quick settlement from Defendants with the threat of filing an amended complaint with "incendiary" allegations that would attract the interest of the "news media." (Doc. No. 107 at 3.) Now, Mr. Vining states that he had undisclosed evidence to support Plaintiff's case that was stolen from Ms. Colt's car the night before the hearing on the motion for summary judgment. The discovery cut-off date was September 10, 2018. Plaintiff's response to the motion for summary judgment was due February 20, 2019. Further, Plaintiff has failed to provide any description of this evidence to the Court in her response to the instant motion. It is unclear to the Court what this undisclosed evidence would have been that was suddenly stolen the night before the hearing that occurred over a year after the discovery cutoff date. The Court finds Plaintiff and Plaintiff's counsel behavior throughout the entire course of the litigation to be inappropriate.

Accordingly, the Court **GRANTS** sanctions against Ms. Colt, Mr. Vining and Plaintiff.

E.   <u>Reasonableness of Fees Requested by Defendants</u>

Mr. VerStandig and Mr. Obagi argue that Defendants fail to attach any billing records for the attorneys' fees sought and thus, makes it impossible to assess the reasonableness and necessity of the fees incurred. (Doc. No. 102 at 14, Doc. No. 105 at 11.) Plaintiff, Mr. Vining, and Ms. Colt do not present such an argument.

"The moving party bears the burden of documenting the appropriate hours spent in the litigation and submitting evidence in support of the hours worked." *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC (WVG), 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014). After the moving party provides evidence of the hours billed, the opposing party has the burden of submitting evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Here, the Court agrees with Mr. VerStandig and Mr. Obagi that Defendants failure to file any billing records for the attorneys' fees sought in their original motion made it difficult to assess the reasonableness and necessity of the fees incurred. Defendants did attach this information in their reply, but that did not provide Mr. VerStandig, Mr. Obagi, Mr. Vining, Ms. Colt, and Plaintiff an opportunity to respond. Accordingly, the Court will not assess the reasonableness of the fees requested by Defendants in this motion. The Court requests that Defendants file a motion to address the fees sought **within 30 days** from the date of this Order. Defendants must call the Court's chambers to obtain a hearing date once Defendants are prepared to file this motion.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for sanctions.

**IT IS SO ORDERED**.

Dated: August 11, 2020

Hon. Anthony J. Battaglia
United States District Judge